IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 18-CR-30021-MJR |
| | ) |
| EMMANUEL D. ABDON, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT ABDON'S RESPONSE TO THE GOVERNMENT'S
MOTION IN LIMINE PURSUANT TO FEDERAL RULE OF EVIDENCE 609(a)(2)**

COMES NOW Defendant Emmanuel D. Abdon, through Assistant Federal Public Defender Daniel G. Cronin, and respectfully submits the following response to the Government's Motion in Limine Pursuant to Federal Rule of Evidence 609(a)(2) (Doc. 34):

**I. INTRODUCTION**

The conviction for misdemeanor theft by deception, with which the government hopes to impeach Emmanuel Abdon, occurred in New Jersey in 2012.  *See* Attachment 1, Pretrial Services Report on "Prior Record."  The New Jersey statute on theft by deception (N.J.S.A. 2C:20-4), has been unchanged since 2003.  *See* Attachment 2, New Jersey Theft by Deception Statute.  That New Jersey law echoes the provision in the Model Penal Code (MPC § 223.3), with the sole exception being that the New Jersey statute omits subsection (4).  *See* Attachment 3, Model Penal Code for Theft by Deception.

As conceded in detail on the next page, convictions for theft by deception have been admitted under Rule 609(a)(2) of the Federal Rules of Evidence.  But for the reasons presented *infra*, the government's pleading does not permit this Court to "readily determine" that Mr. Abdon's conviction required "...a dishonest act or false statement."  *See* Fed.R.Evid. 609(a)(2).

## II. DISCUSSION

### A. Theft by Deception Convictions Have Been Admitted Under Rule 609(a)(2) of the Federal Rules of Evidence

To be sure, this Court would not be alone in ruling that a conviction under the New Jersey theft by deception statute falls within the scope of Fed.R.Evid. 609(a)(2):

> Here, because "[a] person cannot be convicted of theft by deception unless he has obtained the property of another by purposely creating a false impression," *State v. Diorio*, 216 N.J. 598, 619 (2014), theft by deception is a crime that involves "dishonesty or false statement," and a conviction for theft by deception bears directly on a person's apparent ability to testify truthfully. Therefore, Castelluzzo's theft by deception conviction must be admitted under Rule 609(a)(2). *See United States v. Lloyd*, Crim. No. 95-0403, 1995 WL 672516 at *3 (E.D.Pa. Nov. 9, 1995) (admitting, under Rule 609(a)(2), convictions for theft by deception under Pennsylvania statute that is identical to New Jersey statute).

United States v. Castelluzzo, et al., 2015 WL 3448208, *2 (D. N.J. 2015).

The same result occurred when the Illinois theft by deception statute was at issue:

> The felony conviction for Theft By Deception Over $300 is admissible to impeach Defendant's testimony pursuant to Rule 609(a)(2) of the Federal Rules of Evidence should Defendant elect to testify during the trial of this matter.

United States v. Clavielle, 2010 WL 11545911, *1 (C.D. Ill. 2010).

Consequently, the defense does not maintain that convictions for theft by deception can never fall within the scope of Fed.R.Evid. 609(a)(2). The much more limited basis for this Response is that the government has not provided this Court with information which would allow this Court to "...readily determine that establishing the elements of the crime required proving - or the witness's admitting - a dishonest act or false statement." *See* Fed.R.Evid. 609(a)(2). Indeed, each of the three subsections of the New Jersey statute appears capable of being violated without the "dishonest act or false statement" required for admission under Rule 609(a)(2).

### B. Each of the Three Ways in Which the New Jersey Statute Defines Deception Can Be Satisfied Without "a Dishonest Act or False Statement"

#### 1. A Defendant Could "Reinforce[ ] a False Impression" Without "a Dishonest Act or False Statement"

Deceit is a term of art under the New Jersey theft by deception statute:

A person is guilty if he purposefully obtains property of another by deception. A person deceives if he purposefully:

a. Creates or reinforces a false impression, including false impressions as to law, value, intention or other state of mind, and including but not limited to, a false impression that the person is soliciting or collecting funds for a charitable purpose; but deception as to a person's intention to perform a promise shall not be inferred from the fact alone that he did not subsequently perform the promise;

*See* Attachment 2, New Jersey Theft by Deception Statute.  As a result, a person could reinforce a false impression to purposefully obtain property of another by deception, and thus be guilty under the New Jersey statute, without doing a dishonest act or making a false statement.

For example, undersigned counsel recalls participating in Driver's Education in high school with a fellow student who had transferred from Beverly Hills, California.  Whatever undersigned counsel's reaction was, it prompted that transfer student to say that her family was not wealthy.  The coach who was teaching Driver's Education interjected that there are parts of Beverly Hills which are not exactly slums, but which are working class.

If an investor shared undersigned counsel's false impression, there are many ways in which a defendant from Beverly Hills could reinforce that false impression without satisfying Rule 609(a)(2).  Getting a title loan on a car in order to buy an expensive watch, borrowing a relative's elegant suit, and eating ramen noodles for a week in order to fete the investor at a fine restaurant would all reinforce that false impression - without doing a dishonest act or making a false statement.

3

### 2. A Defendant Could "Prevent[ ] Another From Acquiring [Pertinent] Information" Without "a Dishonest Act or False Statement"

The second way in which the New Jersey statute defines deception is, "Prevents another from acquiring information which would affect his judgement of a transaction." N.J.S.A. 2C:20-4(b); *see* Attachment 2.

It is respectfully submitted that at least the most extreme ways of preventing another individual from acquiring pertinent information, such as kidnapping or even murdering that individual, would (among other crimes) violate N.J.S.A. 2C:20-4(b).

The likelihood of theft by deception being committed in this fashion is not the issue here. Undersigned counsel is certainly not suggesting that Emmanuel Abdon committed so foul a deed, and only received a misdemeanor conviction as a result. Instead, the breadth of the New Jersey statute's definition of deception is less stringent than the requirements of Rule 609(a)(2). That difference prevents this Court from being able to "readily determine" that the conviction is admissible.

### 3. A Defendant Could "Fail[ ] to Correct a False Impression" Without "a Dishonest Act or False Statement"

The final definition of deception given in the New Jersey theft by deception statute requires one of two possible failures to correct a false impression:

> Fails to correct a false impression which the deceiver previously created or reinforced, or which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship.

N.J.S.A. 2C:20-4(c); *see* Attachment 2. In turn, a final hypothetical demonstrates how this definition could be met, without satisfying the "dishonest act or false statement" requirement in Fed.R.Evid. 609(a)(2).

Suppose a Registered Investment Advisor (RIA) or other type of financial advisor who owes a fiduciary duty is aware that a client has swallowed investment manager Peter Schiff's advice to invest in gold hook, line, and sinker. *See, e.g.*, Jay Jenkins, "Who is Peter Schiff, and Why Does He Love Gold So Much?", The Motley Fool, 6-16-2016, Attachment 4 at p. 7 ("There are countless other examples of Schiff recommending gold to protect investors from one false crisis after another. His consistency is remarkable, and seems to have no regard for contrary evidence or changes in economic and market conditions.").

The fiduciary could - and should - inform the client of concerns about Schiff in particular. *See* Attachment 4 at p. 6 ("Proceed with caution: Schiff's gold recommendations are wrong, a lot."). That fiduciary duty also compels a discussion about more general concerns with investing in gold:

> But I don't think gold is a good investment. There are lot of people getting scammed into buying it in various forms. With the recent presidential election, the fear factor is once again in play.
>
> My reasons for not seeing gold as an investment are straightforward. Unlike a bond, the metal pays no interest. There is no dividend. It may not protect you against the worst forms of inflation, which are often in health care. And there is no implicit guarantee that it will appreciate in value.
>
> I know this descibes most investments. But at least if you invest in a basket of major stocks, although not guaranteed, you are likely to receive dividend payments. If you buy gold bullion or coins, this is not the case.

John Wasik, "Four Reasons Why Gold is a Bad Investment, Forbes, 11-18-16, Attachment 5 at p. 1.

This fiduciary's silence failed to "correct a false statement...which the deceiver knows to be influencing another to whom he stands in a fiduciary or confidential relationship." But again, there has been no "dishonest act or false statement" as required by Rule 609(a)(2).

5

### III.  CONCLUSION

Of course, the hypotheticals presented in this Response are not for the proposition that there are actions which do not meet the New Jersey statute's definitions of deception.  That statue itself excludes a number of possibilities: "The term 'deceive' does not, however, include falsity as to matters having no pecuniary significance, or puffing or exaggeration by statements unlikely to deceive ordinary persons in the group addressed." *See* Attachment 2.  And if the statutory definition of deception is not met, there can be no conviction for misdemeanor theft by deception.

Instead, the defense's opposition is based on the ways in which a defendant could fall within the definition of the New Jersey statute, but still fall short of the more stringent requirements for admissibility in Rule 609(a).  The gulf between the state statute and the Federal Rules of Evidence precludes "readily determin[ing]" that Emmanuel Abdon's theft by deception conviction necessarily involved "a dishonest act or false statement."

                                              Respectfully submitted,

                                              */s/* Daniel G. Cronin
                                              DANIEL G. CRONIN
                                              Assistant Federal Public Defender
                                              650 Missouri Avenue, Room G10A
                                              East St. Louis, Illinois 62201
                                              (618) 482-9050

                                              ATTORNEY FOR DEFENDANT
                                              EMMANUEL D. ABDON

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on June 11, 2018, he provided a copy of this document to:

Angela Scott
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, Illinois 62208

via electronic filing with the Clerk of the Court using the CM/ECF system.

*/s/* Daniel G. Cronin
DANIEL G. CRONIN