IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 18-30021-MJR |
| | ) | |
| EMMANUEL D. ABDON, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR *DE NOVO* REVIEW OF DETENTION ORDER

The United States of America, by and through its attorneys, Donald S. Boyce, United States Attorney for the Southern District of Illinois, and Angela Scott, Assistant United States Attorney, responds to Defendant Emmanuel D. Abdon's motion for *de novo* review of detention order as follows:

1.      On February 21, 2018, a Federal Grand Jury returned a two-count Indictment charging the defendant with attempted enticement of a minor and travel with intent to engage in illicit sexual conduct.  R. 1.  The defendant was arraigned on that Indictment on March 5, 2018. R. 10.  A hearing on the Government's Motion to Detain was scheduled for March 9, 2018.  *Id.*

2.      On March 9, 2018, after hearing testimony from Troy, Illinois, Police Detective Tony Luther and arguments of the parties, Magistrate Judge Donald G. Wilkerson granted the Government's motion to detain the defendant, finding that "[b]y clear and convincing evidence that no condition or combinations of conditions will reasonably assure the safety of any other person and the community."  R. 19, 20.  Some of the factors Magistrate Judge Wilkerson considered in reaching its conclusion were the following:  the offenses involved a minor victim,

1

the weight of the evidence against the defendant is high, the defendant has no family ties in the area, the defendant has no substantial financial resources, the defendant is not a long time resident of the community, and the defendant does not have any significant community ties, to this community. R. 20. Magistrate Judge Wilkerson also, however, granted leave for the defendant to file a motion to reconsider should there be a change in his circumstances. *Id.* No such motion was ever filed.

3.      On May 31, 2018, the defendant filed a second motion to continue trial. R. 23. In this motion, the defendant indicated that he would be filing a motion for *de novo* review of his detention order given that his state charges had been dismissed. R. 23, at 2. On June 7, 2018, however, the defendant filed a status report on the issue of pretrial detention, noting that he longer "want[ed] to revisit the issue of pretrial detention." R. 33. The document further stated, "[e]ven given the continuance ordered by this Court earlier this week, Mr. Abdon no longer wishes to seek pretrial release." R. 33, at 1.

4.      On July 5, 2018, the defendant filed the instant motion, arguing that this Court should consider his family ties and self-employment in Florida as reasons for releasing him pending trial. The defendant also notes that, as a Haitian citizen who is lawfully in the United States, he is unlikely to jeopardize his immigration status by committing a new violent crime while on pretrial release. In addition, the defendant also submits that there are conditions that may be imposed that would reasonably assure the safety of the community and the defendant's appearance at all future proceedings. The defendant suggests that he can be on house arrest with an ankle bracelet while staying at the home of his grandmother. The defendant also suggests that he would be willing to forego any access to the Internet as a condition of pretrial release or be willing to

submit to monitoring and searches by the Probation Office to ensure he is not misusing the Internet in any way.  The defendant also notes that, because of his immigration status, it would be extremely difficult for him to flee the country without the Bureau of Customs Enforcement preventing him from doing so.

5.      Pursuant to Title 18, United States Code, Section 3142, a defendant is presumed to be a danger to the community and a flight risk for an offense involving a minor victim under sections 2422 and 2423.  18 U.S.C. §3142(e)(3)(E).  Defendant Abdon, therefore, is presumed to be a danger to the community and a risk of flight, and is required to offer evidence to rebut this presumption.  It is the Government's position that the evidence offered by the defendant is not sufficient to rebut the presumption that he is either a danger to the community or that he is a risk of flight.

6.      With respect to the defendant's danger to others and the community, the Government will offer testimony that, on January 13, 2018, the defendant, a 30 year old male, traveled from Florida to Troy, Illinois, to meet and have sex with A.F., a 13 year old girl.  Fortunately, the plot was uncovered when A.F.'s 14 year old friend, K.S., who was at the house when the defendant first met with A.F., notified her foster mother of the meeting.  The foster mother subsequently notified the police.

7.      While speaking with the foster mother and K.S., the police learned that the defendant was staying at the Motel 6 which was located approximately one mile from A.F.'s residence.  They also learned that A.F. planned to sneak out of her house that night, at approximately 2:00 a.m., to meet with the defendant in his motel room.  Among other things, the police set up surveillance on the minor's residence and the Motel 6.  The defendant was arrested

when he pulled into the driveway of the minor's residence on a third occasion, presumably to go

for a walk with A.F.  The police later learned that, on a second visit to the minor's residence, the

defendant had given the minor, *inter alia*, a Black and Mild, Swisher Sweet cigars, and a dildo.

8.      When interviewed that evening, the defendant initially claimed that he did not know

anyone in the area, and that he came here for business.  He eventually admitted knowing A.F. and

meeting up with her at her residence.  In addition, after initially claiming that he believed A.F. to

be 18 or 19, he admitted later in the interview that he "kind of" thought she looked underage *before*

he came up here but he wanted to see for himself, and that he thought she was in eighth or ninth

grade *before* he came to Illinois to meet her.  In another of his many lies, he also initially claimed

that he never told her what room he was staying in at the motel, but later said that he did because

she asked him.  He said that he had the condoms in his wallet "just in case" for when he went

clubbing, but then said that he did not plan on having sex with A.F. that weekend because he did

not have sex with someone on a first date.  The defendant claimed that he came here to meet A.F.'s

parents and try to talk to them about how he felt about A.F.  He said that he would "accept it" if

her father said no to their relationship, and that he would try again when she turned 18 if they were

not seeing other people.  He admitted sexting with the victim, and that she had sent him some

naked pictures and videos of herself.  He said that he had sent her some pictures of penises that he

got off the Internet.  The defendant was adamant throughout the interview that he did not intend

to have sex with A.F. while visiting Illinois.

9.      In texts recovered from A.F.'s cell phone as well as from testimony by A.F., it is

clear that the defendant did, in fact, plan to have sex with A.F. while in Illinois.  A.F.'s testimony

and the texts will show that the defendant manipulated A.F. into maintaining a relationship with

him that ultimately culminated with his visit to Illinois which would have resulted in sexual contact between the defendant and A.F. if not for the intervention of K.S., A.F.'s 14 year old friend. Moreover, both A.F. and K.S., who was present during A.F.'s conversation with the defendant, will testify that A.F. told the defendant that she was 13 before he came to Illinois, and that he indicated that he was okay with that fact.  A.F. will also testify that her sexual conversations with the defendant appeared to intensify after he learned her true age of 13 (she had originally told him she was 17), as if this was a turn on for him.  A text message will show that, prior to his visit to Illinois, A.F. informed the defendant that she was in middle school, hardly a school someone would be attending if they were an adult.  In addition, despite the defendant's claims that he came here to meet with A.F.'s family to presumably get their permission to continue seeing A.F., there is a Snapchat text in which the defendant tells A.F. that he did not stay at her house longer during the first visit because he did not want her parents to catch them.  There is also a chat where the defendant asks the victim if she would like to make a "video f*ck," which she clarifies is a pornographic video.  The victim will testify that this was not the first time that he had asked her if she wanted to make a pornographic video with him.  A.F. will also testify that the defendant falsely told her that he was 24.

10.     In addition to being presumed to be a danger to the community, the defendant, by his own actions, supports the conclusion that he is a danger to the community.  The defendant, a 30 year old man, traveled to Illinois to engage in sexual relations with a 13 year old minor, someone that he clearly knew was under the age of 18 before he traveled to Illinois.  He has shown absolutely no remorse for his behavior by refusing to accept responsibility which will require both the minor victim and the minor witness to have to testify in open court.  In addition, during a review of the

5

defendant's Snapchat account, additional texts were found in which the defendant attempted to communicate with other minor females, lying about his age in the process just as he did with the minor victim in this case. *See Exhibit A, attached hereto and incorporated herein.*

11.     Moreover, the evidence also supports the presumption that the defendant is a flight risk. The defendant now faces an anticipated advisory guideline range of 324-405 months without acceptance of responsibility. He also faces a mandatory minimum statutory sentence of ten (10) years. Such a lengthy sentence is surely an incentive to flee. Moreover, as noted in Magistrate Judge Wilkerson's Order for Detention, the defendant has no family ties to the area, and he is not a long time resident of the community. In fact, the defendant has absolutely no ties to this area. Moreover, the defendant is not offering any surety, such as equity on a relative's home, to guarantee his appearance at trial. In addition, the weight of the evidence against the defendant is strong. Given the testimony of A.F., K.S., and law enforcement officers, as well as text messages and chats and the defendant's own words, there appears to be little chance of an acquittal.

12.     The factors cited and argued by the defendant, such as the fact that he can live with his grandmother in Florida on house arrest with an ankle bracelet and either refrain from using the Internet or subject himself to monitoring of his Internet usage are simply not sufficient to rebut the presumption that he is a danger to others, specifically A.F. and other minor females, and the community and a risk of flight.

13.     Finally, A.F.'s mother has some concern that, if the defendant is released, he might try to contact A.F.

WHEREFORE, the United States respectfully requests that this Court order that the defendant remain detained pending trial.

Respectfully submitted,

DONALD S. BOYCE
United States Attorney

s/*Angela Scott*

ANGELA SCOTT
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL  62208
(618) 628-3700 (office)
(618) 628-3730 (fax)
E-mail:  Angela.Scott@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,          )
                                   )
                    Plaintiff,     )
                                   )
          vs.                      )          CRIMINAL NO. 18-30021-MJR
                                   )
EMMANUEL D. ABDON,                 )
                                   )
                    Defendant.     )

Certificate of Service

I hereby certify that on July 9, 2018, I electronically filed the **Government's Response to Defendant's Motion for *De Novo* Review of Detention Order** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

AFPD Daniel Cronin

Respectfully submitted,

DONALD S. BOYCE
United States Attorney

s/*Angela Scott*
ANGELA SCOTT
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL  62208
(618) 628-3700 (office)
(618) 628-3730 (fax)
E-mail:  Angela.Scott@usdoj.gov

1