IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 18-30021-MJR |
| | ) | |
| EMMANUEL D. ABDON, | ) | |
| | ) | |
| Defendant. | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR DISMISSAL OF INDICTMENT WITH PREJUDICE

The United States of America, by and through its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Angela Scott, Assistant United States Attorney, responds to Defendant Emmanuel D. Abdon's motion for dismissal of indictment with prejudice as follows:

1. Initially, the Government needs to clarify that it did NOT make an oral motion for mistrial and retrial on July 25, 2018. Instead, the Government was simply responding to the defendant's suggestion that a mistrial be declared ONLY if guilty verdicts are returned. It is the Government's understanding that today's hearing was the opportunity for each party to express its opinion as to the appropriate remedy for the jury inadvertently being exposed to the defendant's videotaped statement which was not entered into evidence.

2. It is the Government's position that the jury's exposure to this evidence can be cured by a properly drafted limiting instruction which instructs the jury to disregard that evidence

1

and possibly by the Court questioning the jury as to its ability to return a fair and impartial verdict despite having seen such evidence. [1]

3. It is also the Government's position that the defendant's position that the jury be allowed to deliberate and that, if not guilty verdicts are returned, for the verdicts to stand, but that, if guilty verdicts are returned, for a mistrial to be declared, is patently unfair. The defendant cannot have his cake and eat it too. The defendant wants the opportunity to claim that the evidence is not prejudicial if the verdicts are favorable to him but to then be able to claim that it IS prejudicial if the verdicts are not favorable to him. The Court should require the defendant to take a stand as to whether the evidence is prejudicial to him or not and require him to either consent to a mistrial based on an argument that the evidence is prejudicial to him or, if he believes that the jury should continue deliberating to a verdict, waive any claim of prejudice.

4. The Government also notes that "'a new trial is not automatically required whenever a jury is exposed to material not properly in evidence.'" *United States v. Harden*, 893 F.3d 434, 451 (7th Cir. 2018) (*quoting United States v. Sababu*, 891 F.2d 1308, 1333 (7th Cir. 1989)). *See also United States v. Gonzalez*, 319 F.3d 291, 297 (7th Cir. 2003). Instead, a new trial is warranted only "'if there is a reasonable possibility that the evidence had a prejudicial effect upon the jury's verdict.'" *Harden*, 893 F.3d at 451-452 (*quoting United States v. Berry*, 92 F.3d

---

1 For example, in *Escobar v. O'Leary*, 943 F.2d 711, 714 (7th Cir. 1991), the Government's "street files," which contained inadmissible evidence such as polygraph examinations, gang photographs, police reports, and newspaper reports about the trial, was inadvertently sent back to the jury while it was deliberating. When questioned by the judge, the jury foreperson responded that the jury had gone through "just about all of it." *Id.* After the judge asked the parties their position, and defense counsel indicated that it wished to proceed, the judge called out the jury, explained that the documents in the "street file" were to be disregarded, and questioned them about their ability to reach an impartial verdict. *Id.* The jury responded that they could do so. The judge did indicate his concern, however, that a guilty verdict would be returned so he warned the parties that the jury would be polled again on the question of impartiality if the defendant was convicted.

597, 600 (7th Cir. 1996)).  The Seventh Circuit has noted that this a "highly fact-specific" inquiry. *Harden*, 893 F.3d at 452.  First and foremost, it is the Government's position that there is nothing about this evidence that is so prejudicial that it would affect the jury's verdict.  In the statement, the defendant repeatedly claims that he did not intend to have sex with A.F. which is consistent with his defense.  Secondly, it is the Government's position that any potential prejudicial effect of this evidence can be prevented by a limiting instruction and by the Court inquiring of the jury if they believe that they can still reach a fair and impartial decision despite having seen this evidence.

WHEREFORE, the United States respectfully requests that this Court deny the defendant's motion for dismissal of indictment with prejudice.

> Respectfully submitted,
>
> STEVEN D. WEINHOEFT
> United States Attorney
>
> s/*Angela Scott*
> ANGELA SCOTT
> Assistant United States Attorney
> Nine Executive Drive
> Fairview Heights, IL  62208
> (618) 628-3700 (office)
> (618) 628-3730 (fax)
> E-mail:  Angela.Scott@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CRIMINAL NO. 18-30021-MJR |
| | ) | |
| EMMANUEL D. ABDON, | ) | |
| | ) | |
| Defendant. | ) | |

Certificate of Service

I hereby certify that on July 26, 2018, I electronically filed the **Government's Response to Defendant's Motion for Dismissal of Indictment with Prejudice** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

AFPD Daniel Cronin

                    Respectfully submitted,

                    STEVEN D. WEINHOEFT
                    United States Attorney

                    s/*Angela Scott*
                    ANGELA SCOTT
                    Assistant United States Attorney
                    Nine Executive Drive
                    Fairview Heights, IL  62208
                    (618) 628-3700 (office)
                    (618) 628-3730 (fax)
                    E-mail:  Angela.Scott@usdoj.gov