IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES, ) | |
|        Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | Case No.  18-CR-30021-MJR |
| EMMANUEL D. ABDON, ) | |
| ) | |
|        Defendant. ) | |
| ) | |

**ORDER**

**REAGAN, Chief District Judge:**

This matter came before the Court for a criminal trial beginning on July 23, 2018. After a one-day trial and two days of deliberation the Court found that there was a manifest necessity to declare a mistrial upon discovering that the jurors had reviewed more than five hours of video footage that had not been admitted into evidence. This brief order provides a more thorough explanation of the Court's oral ruling.

There are two standards to be applied when a mistrial may be required because jurors were exposed to extraneous evidence. On a general level, whenever a court considers declaring a mistrial, it must give both parties an opportunity to speak. **FED. R. CRIM. P. 26.3.** Here, the Court did so by informing counsel of the extraneous evidence issue at the close of the second day of deliberation, asking counsel to research

the issue, and hearing oral argument on the following morning. In order to declare a mistrial, the Court must conclude after hearing from the parties that a mistrial is a manifest necessity or the ends of public justice would otherwise be defeated. *United States v. Perez*, 22 U.S. 579, 580 (1824). The discretion to declare a mistrial should be reserved for "urgent circumstances, and for very plain and obvious cases." *Renico v. Lett*, 559 U.S. 766, 774 (2010).

On a specific level, if a jury is exposed to extraneous information the Court must inquire about the potential prejudice caused by the evidence.

> '[J]ury consideration of facts not introduced in evidence denies a defendant's Sixth Amendment rights to confrontation, cross-examination and assistance of counsel with respect to the extraneous evidence.' *quoting United States v. Bruscino*, 662 F.2d 450, 458 (7th Cir. 1981). However, 'a new trial is not automatically required whenever a jury is exposed to material not properly in evidence.' *quoting United States v. Sababu*, 891 F.2d 1308, 1333 (7th Cir. 1989). Rather, '[a] defendant is only entitled to a new trial if there is a reasonable possibility that the evidence had a prejudicial effect upon the jury's verdict.' *quoting United States v. Berry*, 92 F.3d 597, 600 (7th Cir. 1996).

*United States v. Harden*, 893 F.3d 434, 451–52 (7th Cir. 2018). The Seventh Circuit contemplated a three-prong analysis in *United States v. Warner*, 498 F.3d 666, 679-81 (7th Cir. 2007): 1) the extent and nature of the unauthorized conduct, 2) the power of curative instructions, and 3) the responses of the jury.

Here, there is no question that the jurors had access to extraneous material. The jurors reviewed over five hours of an audio and video interrogation of the Defendant by law enforcement. The Court reviewed the same materials after learning what the jurors

had seen and heard. The video admittedly contains information that could be good or bad for both sides, and it also contains a mix of admissible and inadmissible information. However, in a trial where the presentation of evidence lasted only about four hours, the Court finds it impossible to say that five hours of additional evidence would not be prejudicial to the Defendant. This is particularly true here where the Defendant chose not to testify.

Allowing the jury to continue after five hours of audio and video material is untenable. No limiting instruction would be sufficient to ensure that the jurors put the materials out of mind in order to render a verdict. Thus, although a mistrial is not mandatory when a jury is exposed to extraneous evidence, here it is appropriate. The Court did not inquire extensively as to the effect on the jurors of the evidence because it found that reviewing the video and audio materials would be so potentially prejudicial that such a detailed inquiry was unnecessary. The Court found itself in such a circumstance that declaring a mistrial was a manifest necessity to avoid running afoul of the public interests in justice. Accordingly, the Court discharged the jury and set the matter for retrial on August 6, 2018, with the understanding that the parties may seek additional time as is necessary.

IT IS SO ORDERED.

DATED: July 27, 2018

*s/ Michael J. Reagan*
**MICHAEL J. REAGAN**
United States District Judge