IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,   )<br>                              )<br>           Plaintiff,   )<br>                              )<br>    vs.                       )<br>                              )<br>EMMANUEL D. ABDON,            )<br>                              )<br>           Defendant.         )  | CRIMINAL NO. 18-30021-MJR |

**GOVERNMENT'S MOTION TO RECONSIDER ITS MOTION IN LIMINE PURSUANT TO FEDERAL RULE OF EVIDENCE 609(a)(2) AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Comes now the United States of America, by and through its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Angela Scott and George Norwood, Assistant United States Attorneys, and, in support of its Motion to Reconsider its Motion in Limine Pursuant to Federal Rule of Evidence 609(a)(2), states as follows:

Defendant Emmanuel D. Abdon is charged with Attempted Enticement of a Minor, Attempted Sexual Exploitation of a Minor, and Travel with Intent to Engage in Illicit Sexual Conduct. In the first trial, the Government filed a motion in limine seeking to introduce defendant's 2012 misdemeanor conviction for Theft by Deception. The motion was denied, in part, because the Government could not demonstrate that the defendant had actually acted "with deception." The Government has now obtained the details of this 2012 misdemeanor conviction and believe that it should be allowed, pursuant to Federal Rule of Evidence 609(a)(2), to question the defendant regarding that conviction should he testify at trial.

Federal Rule of Evidence 609(a)(2) requires admission of any conviction "regardless of the punishment" if the conviction involves either a "dishonest act or

false statement," without any consideration as to whether its prejudicial effect outweighs its probative value. *United States v. Wilson*, 985 F.2d 348, 351 (7th Cir. 1993); *United States v. Kuecker*, 740 F.2d 496, 501 (7th Cir. 1984). *See also* Fed. R. Evid. 609, Advisory Committee Notes ("The admission of prior convictions involving dishonesty and false statement is not within the discretion of the Court. Such convictions are peculiarly probative of credibility and, under this rule, are always to be admitted."). In this case, the defendant's misdemeanor conviction for theft by deception involved the use of a "fraudulently obtained credit card" to obtain clothing, airline tickets, hotel reservations, florist services and food. See Exhibits A and B, attached hereto, and incorporated herein. Because this crime involved some element of deceit, it should be admissible pursuant to Federal Rule of Evidence 609. *See* Fed R. Evid. 609, Advisory Committee Notes ("By the phrase 'dishonesty and false statement' the Conference means crimes such as perjury or subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the accused's propensity to testify truthfully.").

The admission of the conviction is especially important in the instant case where the defendant's credibility will be a central issue in the case. A disputed issue at trial will be the defendant's intent when he traveled to Illinois from Florida and what he intended to happen as a result of the texts he sent the minor victim. The determination of these issues will mostly be a matter of he said – she said, although there are text messages that will support the minor victim's testimony. His credibility as a witness, should he choose to testify, therefore, will be extremely

important. Therefore, the Government should be allowed to inquire into his prior conviction for dishonesty should he choose to testify because it bears directly on his propensity to testify truthfully.

WHEREFORE, the Government respectfully requests that this Honorable Court allow the Government to question the defendant regarding his theft by deception conviction should he testify at trial.

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney

s/   *Angela Scott*
ANGELA SCOTT
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL   62208
(618) 628-3700   Telephone
(618) 628-3730   Facsimile
E-mail:   Angela.Scott@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 18-30021-MJR |
| ) | |
| EMMANUEL D. ABDON, ) | |
| ) | |
| Defendant. ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2018, I electronically filed the **Government's Motion to Reconsider its Motion in Limine Pursuant to Federal Rule of Evidence 609(a)(2)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

AFPDs Daniel G. Cronin and Judy Kuenneke

Respectfully submitted,

STEVEN D. WEINHOEFT
United States Attorney

s/ *Angela Scott*
ANGELA SCOTT
Assistant United States Attorney
Nine Executive Drive
Fairview Heights, IL   62208
(618) 628-3700   Telephone
(618) 628-3730   Facsimile
E-mail:   Angela.Scott@usdoj.gov