IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 18-CR-30021-MJR |
| ) | |
| EMMANUEL D. ABDON, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S TRIAL BRIEF REGARDING DEFENDANT'S
STATEMENT UNDER THE BEST EVIDENCE RULE AND
RULES 801(D)(2)(A) AND 106 OF THE FEDERAL RULES OF EVIDENCE**

Comes now the United States of America, by and through Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Assistant United States Attorney George Norwood, and for its trial brief states as follows:

**Best Evidence Rule**

At the Defendant's first trial, the government attempted to introduce the Defendant's statement to law enforcement through the testimony of one of the officers who was present and heard the Defendant's statement. The Defendant objected citing the Best Evidence Rule, and argued that the recording of the Defendant's statement had to be played. The Defendant claimed that the officer's recollection of the Defendant's statement and the officer's oral testimony as to the Defendant's statement was not admissible. The government did not have an immediate response to the Defendant's objection. Ultimately, the Defendant and government agreed to a stipulation as to the Defendant's statement to the officers.

In this retrial, the government intends on introducing at least parts of the Defendant's statement. Case authority clearly holds that the Best Evidence Rule does not prohibit the officers from testifying as to the Defendant's statement without the recording being introduced into evidence.

In United States v. Rose, 590 F.2d 232, 236-37 (7th Cir. 1978), the defendants argued that the trial court should have excluded the testimony concerning a recorded telephone conversation with the defendant Rose because the government failed to produce the tape recording of the conversation. The Seventh Circuit disagreed and held that the best evidence rule did not apply to conversations which happen to be recorded, but only to the contents of the recording itself. The Court stated:

> Defendants' initial contention, that the tape recording constitutes the "best evidence" of that telephone conversation, is wholly without merit. The so-called "best evidence rule," codified and expanded to cover recordings and photographs in Fed.R.Evid. 1001 through 1004, requires only that a party seeking to prove the contents of a document introduce the original document or explain why it cannot be produced. In the case at bar, the government sought to prove the contents of a conversation, not the contents of a tape recording. Consequently, the "best evidence rule" is inapplicable. United States v. White, 223 F.2d 674, 675 (2d Cir. 1955); United States v. Gonzales-Benitez, 537 F.2d 1051 (9th Cir.), Cert. denied, 429 U.S. 923, 97 S.Ct. 323, 50 L.Ed.2d 291 (1976); See 5 Weinstein's Evidence P 1002(03) at 1002-11 (1976), Notes of Advisory Committee on Proposed Rules accompanying Fed.R.Evid. 1002, 28 U.S.C.A. Fed.R.Evid. at 768, and McCormick, Handbook of the Law of Evidence s 233 at 563-564 (2d ed. 1972).

United States v. Rose, 590 F.2d at 237.

Other court decisions are in accord with the Rose decision. See United States v. Holland, 223 F. App'x 891, 898 (11th Cir. 2007) ("Here, Valoze's testimony was not offered

to prove the contents of the tape recording; Valoze was testifying as to his recollection of the conversation with Holland, based on his own personal knowledge, and the fact that a corroborative tape recording of that phone conversation was made is inconsequential. Under such circumstances the Best Evidence Rule is not implicated at all.); United States v. Parkins, 7 F. App'x 287, 289 (4th Cir. 2001) (The best evidence rule does not apply because the testimony of the detectives was offered to prove the content of the conversations rather than the content of the tapes.);  United States v. Howard, 953 F.2d 610, 612-613 (11th Cir.1992) ("Since the proffered testimony was offered not to prove the content of the tapes, but rather, the content of the conversations, the best evidence rule does not apply and [the witness's testimonial recollection of the conversations] was properly admitted."); United States v. Fagan, 821 F.2d 1002, 1009 n. 1 (5th Cir.1987) ("The prosecution is not trying to show the contents of the tape, but rather the contents of the conversation, and, therefore, as the Advisory Committee notes suggests, the best evidence rule is inapplicable.").

Thus, based on Seventh Circuit and other case authority, the government believes that it can introduce the Defendant's statement either through the recording or through testimony of the officers regarding the conversation with the Defendant.

**Rules 801(D)(2)(A) and 106 of the Federal Rules of Evidence**

Federal Rule of Evidence 801(d)(2)(A) provides:

> **(d) Statements which are not hearsay.**   A statement is not hearsay if –. . .

> **(2) Admission by party-opponent.** The statement is offered against a party and is (A) the party's own statement, in either an individual or a representative capacity . . . .

The threshold requirement for application of this rule is that the statement must be offered into evidence by the opposing party *against* the party who made it. In other words, a party may not seek to admit his own prior out-of-court statement under this rule. United States v. McDaniel, 398 F.3d 540, 544 (6th Cir. 2005) ("Rule 801(d)(2), however, does not extend to a party's attempt to introduce his or her *own* statements through the testimony of other witnesses.") (emphasis in original); United States v. Wilkerson, 84 F.3d 692, 696 (4th Cir. 1996) ("The rules, however, do not provide an exception for self-serving statements made by a party which are being sought for admission by that same party."); United States v. Demosthene, 334 F.Supp.2d 378 (S.D.N.Y. 2004) ("Under the Federal Rules of Evidence, a defendant generally may not introduce his own prior statement for the truth of the matter asserted therein.").

The Sixth Circuit's opinion in McDaniel is instructive. Therein, the defendant made statements to a postal inspector during the course of her investigation and sought on cross examination to elicit testimony from the agent regarding the content of those statements which he believed to be exculpatory. 398 F.3d 544-45. The district court refused to allow him to do so finding that the statements constituted hearsay when the party who made them sought their admission. Id. The Sixth Circuit agreed and noted that

> Indeed, if such statements were deemed admissible under Rule 801(d)(2), parties could effectuate an end-run around the adversarial process by, in

> effect, testifying without swearing an oath, facing cross-examination, or being subjected to first-hand scrutiny by the jury.

Id. at 545.    The court went on to hold:

> Whereas Rule 801(d)(2) authorized the Government to question [the investigator] on direct examination regarding statements made by [the defendant] because of [the defendant's] status as a party-opponent, any testimony by [the investigator] on cross-examination by [defendant's] counsel regarding additional statements made by [the defendant] that had not already been introduced on direct examination would have constituted inadmissible hearsay that would have effectively allowed [the defendant] to testify without being under oath, without cross-examination, and without direct scrutiny by the jury.

Id. at 545-46.

In this case, defendant was interviewed by officers of the Troy, Illinois Police Department.    The Government will seek to introduce the portions of those interviews it deems relevant pursuant to Rule 801(d)(2)(A).    The Defendant cannot attempt to introduce other portions of the interviews which he apparently believes to be in some way exculpatory.    As McDaniel and the other cases cited above make clear, he is not entitled to do so under Rule 801(d)(2)(A).

Neither is defendant entitled to introduce such portions of his own statement under Federal Rule of Evidence 106 unless he first makes a "focused and specific showing" of how the other portion of the statement is "relevant" and that the specific portion of the statement he seeks to introduce "qualifies or explains" the portion played by the Government.    United States v. Valesco, 953 F.2d 1467, 1474-75 (7th Cir. 1992);

5

United States v. Sweiss, 814 F.2d 1208, 1211 (7th Cir. 1987); United States v. Glover, 101 F.3d 1183, 1188 (7th Cir. 1996). As the Seventh Circuit has explained:

> The test is conjunctive. Once relevance has been established, the trial court then must address the second half of the test, and should do so by asking (1) does it explain the admitted evidence, (2) does it place the admitted evidence in context, (3) will admitting it avoid misleading the trier of fact, and (4) will admitting it insure a fair and impartial understanding of all of the evidence.

Valesco, 953 F.3d at 1475; United States v. Price, 516 F.3d 597, 604 (7th Cir. 2008). As the court then noted, it is insufficient under Rule 106 for a defendant to seek to introduce his own statement merely "to explain his theory of the case." Valesco, 953 F.3d at 1475. The court has further made clear that the standard is not "usefulness" to the jury, but is whether the omitted portion specifically identified by the defendant is "*necessary to explain*" the evidence already admitted. Sweiss, 814 F.3d 1212 (emphasis in original). As the court has recently reaffirmed, an unplayed portion of a recorded statement is not "necessary to explain" the played portion unless the defendant carries his burden of demonstrating that failing to admit each specific portion "is likely to create an incomplete, misleading, or distorted picture of the evidence."

The Government asserts that the portions of defendant's statements it will admit are not misleading; nor do they provide a distorted picture of the evidence. The Government respectfully requests that prior to allowing defendant to admit any portion of his statements pursuant to Rule 106 that the Court conduct a hearing outside the

presence of the jury during which it requires defendant to make a "focused and specific showing" under the exacting standard imposed by the Seventh Circuit outlined above.

**Respectfully submitted,**

**THE UNITED STATES OF AMERICA**

**STEVEN D. WEINHOEFT**
**United States Attorney**

**s/ George Norwood**
**GEORGE NORWOOD**
**Assistant United States Attorney**
**402 West Main Street, Suite 2A**
**Benton, IL 62812**
**Phone: (618) 439-3808**
**Fax: (618) 439-2401**
**E-mail: George.Norwood@usdoj.gov**

## CERTIFICATE OF SERVICE

I hereby certify that on October 23, 2018, I electronically filed a

## GOVERNMENT'S TRIAL BRIEF REGARDING
## RULES 801(D)(2)(A) AND 106 OF THE FEDERAL RULES OF EVIDENCE

with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Dan Cronin

Judith Kuenneke

                                          s/ George Norwood
                                          GEORGE NORWOOD
                                          Assistant United States Attorney