## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

   Plaintiff,

v.               Case No. 3:18-cr-30021-NJR

EMMANUEL D. ABDON,

   Defendant.

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a Motion for Compassionate Release re First Step Act filed *pro se* by Defendant Emmanuel D. Abdon. (Doc. 164). Abdon asks the Court to grant his request for compassionate release and enter an order reducing his sentence to time-served upon his consent to deportation. Alternatively, Abdon asks for a sentence reduction to between 172 and 214 months' imprisonment. For the reasons set forth below, the motion is denied.

### BACKGROUND

On March 25, 2019, now-retired District Judge Michael J. Reagan sentenced Abdon to 240 months in prison for the attempted enticement of a minor and travel with the intent to engage in illicit sexual contact. (Docs. 1, 142). Abdon's conviction arose "from his attempted enticement of a 13-year-old girl, and his travel . . . to have sexual intercourse with her." (Doc. 166, p. 2). Abdon sexted with the girl over Snapchat and text messaging and admitted to having received a series of naked pictures and videos upon his repeated request. (*Id.* at pp. 3-5). On January 13, 2018, Abdon traveled to the girl's residence three times. During these visits, the two hugged and kissed, and he gave her a sex toy and a key to his motel room. (*Id.* at p. 4-5). The young girl also reported that whenever she had tried to block him in the past, he would find an alternative means of contacting her and would yell at her until she felt bad about blocking him. (*Id.* at p. 5).

Abdon, who is two years into his sentence, first argues he should be granted compassionate release because he is serving an overly long sentence. (Doc. 164 at pp. 7-8). Abdon asserts his sentence should be reduced to the more appropriate range of 172 to 214 months. He next claims he is subjected to "barbaric" treatment due to his sex offender status. More specifically, Abdon claims to face a greater risk of violence and victimization and believes he has little recourse for help should he be extorted or attacked because the prison guards are unwilling to intervene. (*Id.* at pp. 9-10). He believes that the conditions he faces in prison as a sex offender inflict barbaric punishment that is intolerable and qualifies as extraordinary and compelling. (*Id.* at p. 11). Finally, Abdon argues he is serving an overly arduous term due to the threat of COVID-19. He states that Allenwood is overrun by the disease, and that despite not qualifying for any of the high-risk factors, both his minority and inmate status render him particularly vulnerable. (*Id.* at pp. 11-13). He emphasizes that courts nationwide have granted compassionate release due to the presence of COVID-19 within a particular facility. (*Id.* at p. 12).

Abdon also submits that he would pose no danger to the community because he will be deported upon release. (*Id.* at p. 18). He agrees to "consent to the entry of an Order of Removal" and the waiver "of [his] right to oppose deportation if the court orders. . . compassionate release." (*Id.*). He also states that he has no history of violence or record of previous felonies and mentions that the BOP has scored his recidivism risk as low. (*Id.*). He further argues that the 18 U.S.C. § 3553(a) factors favor his release because he is remorseful and subject to an immigration detainer rendering him ineligible for the BOP's sex offender program and demanding his release so he can receive help elsewhere. (*Id.* at pp. 20-21). Abdon plans to return to Haiti upon his release through the assistance of the Consulate and family members. (*Id.* at p. 22).

The Government opposes the motion, arguing Abdon has failed to demonstrate extraordinary and compelling reasons for compassionate release. (Doc. 166, p. 17). The Government notes that Abdon's sentence was substantially below the Sentencing Guidelines and adequately considered both aggravating and mitigating factors. (*Id.* at pp. 26-27). Additionally, Abdon does not claim to be the

victim of barbaric treatment due to his sex offender status but rather simply alleges that he *could* be a victim. (*Id.* at p. 24). Similarly, he has not contracted COVID-19, nor is he at a high risk of serious illness from the virus. (*Id.* at pp. 20-22). The Government emphasizes that compassionate release was not designed to release prisoners on mere speculation. (*Id.* at p. 25). Additionally, the BOP has taken appropriate steps to mitigate prisoners' risk and Allenwood only had two inmates positive for COVID-19 at the time of the Government's response. (*Id.* at p. 23).

The Government further contends Abdon would be a danger to the public if he were released and that the § 3553 factors require denial of the motion. (*Id.* at p. 28). Abdon already has been cited with six violations during his two years in prison, resulting in the loss of good time credit and other privileges, yet he has not been deterred from misconduct. (*Id.* at p. 28). The Government also asserts Abdon is a "consummate liar" and manipulator, citing evidence of several chats with minors beyond that for which he was charged. (*Id.* at p. 30). The Government emphasizes that there is no guarantee Abdon wouldn't return to the United States or prey on victims in Haiti. (*Id.* at p. 32). Finally, Abdon's release would indicate that his crimes and the harm they caused are minimal. (*Id.* at p. 33).

## THE FIRST STEP ACT OF 2018

Prior to the passage of the First Step Act, a defendant seeking compassionate release first had to request it from the Director of the BOP. 18 U.S.C. § 3582(c)(1)(A) (2018). The First Step Act of 2018 modified that provision to allow incarcerated defendants to seek compassionate release from a court on their own motion after exhausting administrative rights to appeal a failure of the BOP to bring a motion on their behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility. The parties do not dispute that Abdon exhausted his administrative remedies before filing for compassionate release.

After such a motion is filed, the Court may reduce the term of imprisonment after considering the factors set forth in § 3553(a) to the extent they are applicable, upon a finding that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with

applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i).

The applicable policy statement can be found at U.S.S.G. § 1B1.13. While the policy statement essentially restates § 3582(c)(1)(A), the Application Notes to the policy statement set forth specific circumstances under which extraordinary and compelling reasons exist for reducing a sentence: (A) the medical condition of the defendant; (B) the age of the defendant (over 70), and (C) family circumstances. U.S.S.G. § 1B1.13. A fourth category, "(D) Other Reasons," states: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id*. Additionally, the policy statement requires the defendant not be "a danger to the safety of any other person or the community" pursuant to 18 U.S.C. § 3142(g).

### DISCUSSION

Simply put, there are no extraordinary and compelling circumstances here that warrant granting Abdon's motion for compassionate release. Abdon acknowledges that he does not suffer from any of the high-risk factors that would make him more vulnerable to COVID-19. He also has failed to provide evidence that he cannot care for himself within the correctional facility. The mere existence of COVID-19 does not justify compassionate release. *See United States v. Melgarejo*, 830 F. App'x 776 (7th Cir. 2020) (quoting *United States v. Melgarejo*, No. 12-cr-20050-JES-DGB. 2020 WL 2395982, at *3) (affirming the Northern District of Illinois' decision finding that "the mere presence of COVID-19 in a particular prison ... cannot justify compassionate release"). Similarly, he has made no showing that he has suffered from barbaric treatment while in prison, and one's status as a sex offender is not an extraordinary or compelling reason calling for compassionate release. Finally, Abdon has failed to make an adequate showing that his sentence was overly long, especially considering his sentence was well below his guideline range. Thus, he does not qualify for a reduction on that point.

Even if Abdon had successfully argued extraordinary or compelling reasons for release, in

order to grant his motion, the Court also must consider the 18 U.S.C. § 3553(a) factors and determine that Abdon is not a danger to the public. Here, the Court cannot make that finding. Abdon's deportation does not guarantee that he will not return to the United States or victimize someone in Haiti. The chats introduced at sentencing reveal that Abdon engaged in inappropriate contact with several minors and provide evidence of him repeatedly lying about his age and encouraging young girls to keep their contact secret. (Doc. 166, p. 30). Judge Reagan emphasized that a significant sentence was necessary to ensure that Abdon would be less interested in the young girls he had previously preyed upon. (*Id.* at p. 31). Releasing Abdon now would defeat that purpose. His behavior over the last two years also does not indicate rehabilitation or growth but is instead a record of continued infractions.

## CONCLUSION

Because Abdon has not established any extraordinary and compelling reasons warranting a reduction in his term of imprisonment, and because the Court is concerned Abdon would be a danger to the community if he were released, his Motion for Compassionate Release (Doc. 164) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  July 13, 2021**

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**