IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

EMMANUEL D. ABDON,

    Defendant.

Case No. 3:18-cr-30021-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a second Motion for Reduction of Sentence or Compassionate Release filed *pro se* by Defendant Emmanuel D. Abdon. (Doc. 171). Abdon asks the Court to reduce his sentence or grant his request for compassionate release and order him to be deported to Haiti. For the following reasons, Abdon's motion is denied.

## BACKGROUND

On March 25, 2019, Abdon was sentenced to 240 months in prison for attempted enticement of a minor and travel with the intent to engage in illicit sexual contact. (Docs. 1, 142). Abdon, who was approximately 30 years old at the time of the offense, sent sexually explicit messages to a 13-year-old girl over Snapchat and text, and he admitted to having received a series of naked pictures and videos from her upon his repeated request. (Doc. 166). On January 13, 2018, Abdon flew from Florida to St. Louis, rented a car, and drove to the minor's residence three times. During these visits, the two hugged and kissed, and he gave her a sex toy and a key to his motel room. Abdon was arrested after the minor's friend alerted her mother, who then called the police.

In January 2021, Abdon filed his first motion for compassionate release, arguing that

he was serving an overly long sentence. (Doc. 164 at pp. 7-8). He also argued he was being subjected to "barbaric" treatment in prison due to his sex offender status and that he would pose no danger to the community if released because he would be deported. The Court rejected Abdon's arguments and denied his motion. (Doc. 170).

In his current motion, Abdon again argues that his sentence is overly long. Abdon asserts that his sentence was improperly enhanced under the Feeney Amendment, even though he was not charged with possession of child pornography, and that this is an extraordinary and compelling reason for compassionate release under 18 U.S.C. § 3582(c)(1)(A) or for a sentence reduction under 18 U.S.C. § 3582(c)(2).

In response, the Government has moved to dismiss Abdon's motion for compassionate release because he has failed to exhaust his administrative remedies within the Bureau of Prisons. (Doc. 175). The Government notes that Abdon has not proved—or even alleged—that he formally requested a reduction in sentence from the Warden at FCI-Allenwood. Thus, the motion must be dismissed for failure to exhaust.

## DISCUSSION

Generally, a court cannot modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). Compassionate release represents a narrow exception to this rule. *United States v. Glover*, No. 04 CR 940, 2024 WL 4753811, at *1 (N.D. Ill. Nov. 12, 2024). Under 18 U.S.C. § 3582(c)(1)(A), a court may grant a defendant's motion for compassionate release after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Once the exhaustion requirement is satisfied, the court considers

whether extraordinary and compelling reasons warrant a sentence reduction, whether the reduction is consistent with applicable policy statements issued by the Sentencing Commission, and whether the reduction is appropriate in light of the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Black*, 715 F. Supp. 3d 1069, 1073 (N.D. Ill. 2024); *United States v. Williams*, 65 F.4th 343, 346 (7th Cir. 2023). The defendant bears the burden of establishing extraordinary and compelling circumstances. *United States v. Barbee*, 25 F.4th 531, 532 (7th Cir. 2022).

Another exception applies when a defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). "[D]istrict courts may only reduce a sentence if the pertinent amendment would *effectively lower* the defendant's applicable guideline range. *United States v. Avila*, No. 02-CR-464-8, 2024 WL 4027973, at *3 (N.D. Ill. Sept. 3, 2024) (citing *United States v. Griffin*, 652 F.3d 793, 803 (7th Cir. 2011)).

Here, Abdon is not entitled to a sentence reduction under either subsection of § 3582(c). The Court agrees that Abdon did not mention exhaustion of administrative remedies in his motion for compassionate release, and he attached only one Request for Administrative Remedy, which he submitted to the BOP on January 18, 2023, and refers to the application of his First Step Act time credits. (Doc. 171 at p. 21). Because Abdon has not demonstrated that he exhausted his administrative remedies as to his request for compassionate release, the motion to dismiss filed by the Government shall be granted.

Even if he had exhausted his claim, however, the Court would deny his motion based on the § 3553 factors and the fact that Abdon remains a danger to the public. The evidence introduced at trial revealed that Abdon met the middle-school-aged victim in this case over

SnapChat, that he knew she was only 13, and that he and flew from Florida to Southern Illinois to have sex with her. He also asked her to send him nude photos and sexually explicit videos, and he sent the same to her. At sentencing, the Government produced evidence that Abdon chatted with more than a dozen other minors on SnapChat—and that each time he pretended to be between 19 and 21. Releasing Abdon now, only six years into his sentence, would put additional children at risk, fail to reflect the seriousness of Abdon's crimes, fail to promote respect for the law, and fail to provide just punishment for his offenses.

Finally, Abdon also requests a sentence reduction under § 3582(c)(2). That section, however, is only applicable when a defendant is sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission. The Sentencing Commission has not amended the Guidelines applicable to Abdon's crimes; therefore, Section 3582(c)(2) is simply inapplicable to Abdon's case.

## Conclusion

For these reasons, the Motion to Dismiss Defendant's Motion for Compassionate Release filed by the United States of America (Doc. 175) is **GRANTED**. The Motion for Reduction of Sentence or Compassionate Release filed *pro se* by Defendant Emmanuel D. Abdon (Doc. 171) is **DENIED.**

**IT IS SO ORDERED.**

**DATED:** April 16, 2025

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**