IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

     Plaintiff,

v.

EMMANUEL D. ABDON,

     Defendant.

Case No. 3:18-CR-30021-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Defendant Emmanuel D. Abdon moves the Court, for the third time, to grant him compassionate release and allow him to be deported to Haiti. (Doc. 184). For the third time, Abdon's motion is denied.

### BACKGROUND

Abdon was 30 years old when he sent sexually explicit messages to a 13-year-old girl over Snapchat and text messages. He also asked for naked pictures and videos from the victim, which she sent upon his repeated request. (Doc. 186). In one instance, the victim sent Abdon a video of her inserting a spoon into her vagina. (*Id.*). She reported that whenever she tried to block Abdon, he would find another way to contact her and would yell at her until she felt bad about blocking him. (Doc. 166 at p. 5).

In January 2017, Abdon flew from Florida to St. Louis, rented a car, and drove to the minor's residence in Troy, Illinois, three times. (Doc. 186). During these visits, the two hugged and kissed, and he gave her jewelry, a sex toy, and a key to his motel room. (*Id.*).

The victim testified that she would have had sex with Abdon had the opportunity arisen. (*Id.*). Abdon was arrested after the victim's friend alerted her mother, who then called the police. (*Id.*). At sentencing, evidence was presented that Abdon had chatted with other minors as well, telling the girls that their relationship could be a secret. (*Id.*). On March 25, 2019, now-retired District Judge Michael J. Reagan sentenced Abdon to 240 months in prison for attempted enticement of a minor and travel with the intent to engage in illicit sexual contact. (Docs. 1, 142).

The Court denied Abdon's first motion for compassionate release in July 2021, just two years into his 20-year sentence. (Doc. 170). Abdon had argued that he was serving an overly long sentence, that he was subjected to "barbaric" treatment in prison due to his sex offender status, and the COVID-19 pandemic warranted his release. (Doc. 164). The Court found that Abdon failed to assert any extraordinary and compelling reasons for compassionate release. (Doc. 170). Abdon's second motion was dismissed for failure to exhaust his administrative remedies within the Bureau of Prisons. (Doc. 180).

In his third motion, Abdon argues that a combination of factors, including his rehabilitation, lack of dangerousness, unusually long and disparate sentence, and the fact that he will be deported to Haiti warrants his compassionate release. (Doc. 184). He also asserts that the 18 U.S.C. § 3553(a) factors weigh in favor of his release. (*Id.*).

The Government, in response, argues that none of the circumstances cited by Abdon are truly extraordinary and compelling. Furthermore, the § 3553(a) factors clearly weigh in favor of his continued detention.

Abdon filed a timely reply (Doc. 191), a supplemental brief (Doc. 193), and

multiple character letters in his support from family and fellow inmates. (Docs. 192, 194).

**DISCUSSION**

Generally, a court cannot modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). Compassionate release represents a narrow exception to this rule. *United States v. Glover*, No. 04 CR 940, 2024 WL 4753811, at *1 (N.D. Ill. Nov. 12, 2024). Under 18 U.S.C. § 3582(c)(1)(A), a court may grant a defendant's motion for compassionate release after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Once the exhaustion requirement is satisfied, the court considers whether extraordinary and compelling reasons warrant a sentence reduction and whether the reduction is appropriate in light of the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Black*, 715 F. Supp. 3d 1069, 1073 (N.D. Ill. 2024); *United States v. Williams*, 65 F.4th 343, 346 (7th Cir. 2023). The defendant bears the burden of establishing extraordinary and compelling circumstances. *United States v. Barbee*, 25 F.4th 531, 532 (7th Cir. 2022).

Effective November 1, 2023, the Sentencing Commission issued a policy statement describing what constitutes extraordinary and compelling reasons for a sentence reduction. These reasons include (1) certain medical circumstances of the defendant, (2) the defendant's age, (3) family circumstances that leave the defendant as the only available caregiver, and (4) that the defendant has been a victim of abuse in prison. U.S.S.G. § 1B1.13(b)(1)-(4). A defendant may also demonstrate "other reasons" by

presenting any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4). § 1B1.13(b)(5). Finally, the policy statement provides that a finding of extraordinary and compelling reasons is warranted if: (1) the defendant is serving an unusually long sentence; (2) the defendant has served at least ten years of the sentence; and (3) an intervening change in law has produced a "gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." § 1B1.13(b)(6).[1]

Abdon's motion relies on the "catch-all" provision of § 1B1.13(b)(5). He asserts that he is not a danger to the community or any person, he has taken more than 40 classes in prison, his sentence of 240 months is unusually long, his sentence reflects a "trial tax" for taking his case to trial, and upon release he will be deported to Haiti. However, none of these circumstances, alone or in combination, are similar in gravity to those described in § 1B1.13(b)(1)-(4).

In *United States v. Bryant*, which the Court finds persuasive, the Ninth Circuit Court of Appeals found that subsections (b)(1) through (4) refer to circumstances that arise after a defendant has been sentenced. *See United States v. Bryant*, 144 F.4th 1119, 1126

---

[1] The Seventh Circuit Court of Appeals has held that the U.S. Sentencing Commission exceeded its statutory authority in promulgating § 1B1.13(b)(6) because it conflicts with Congress's express determination that the First Step Act's amendment to 18 U.S.C. § 924(c)'s sentencing structure should only apply prospectively. *United States v. Black*, 131 F.4th 542, 546 (7th Cir. 2025). In other words, a non-retroactive change in the law cannot constitute an extraordinary and compelling reason for compassionate release. *Id.* (citing *United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021)).

(9th Cir. 2025) (quoting *Setser v. United States*, 566 U.S. 231, 242–43 (2012) ("[S]ubsections (b)(1) through (4) share an important characteristic—they generally refer to circumstances that develop *after* sentencing. It makes sense why: § 3582(c)(1)(A) provides 'a mechanism for relief' when the district court failed to 'anticipat[e] developments that take place after the first sentencing.'"). The *Bryant* court explained that the compassionate release statute does not permit a court to contort "the extraordinary-and-compelling reasons requirement to convert compassionate release into an 'unbounded resentencing' mechanism." *Id.* at 1127. "In enacting § 3582(c)(1)(A), Congress did not authorize district courts to take a second bite at the sentencing apple. Rather, compassionate release is a limited, discretionary exception to the default rule that a federal defendant will serve his entire sentence." *Id.*

In Abdon's case, the only factor that was not present at the time of sentencing—and thus was not considered by the Court when Abdon's sentence was imposed—is his alleged rehabilitation. And a defendant's rehabilitation, on its own, is not a basis for compassionate release. *United States v. Peoples*, 41 F.4th 837, 841 (7th Cir. 2022); *see also United States v. Vaughn*, 62 F.4th 1071, 1072 (7th Cir. 2023) ("[t]aking classes while incarcerated is common rather than extraordinary"). Thus, the approximately 40 classes that Abdon has taken is not extraordinary and compelling.

Moreover, the Court questions whether Abdon has truly been rehabilitated. He has earned numerous disciplinary infractions while in prison, including violations for gambling, refusing to obey an order, phone abuse, possessing an unauthorized item, possessing hazardous tools, and being absent from assignment. (Doc. 186). And he

declined sex offender treatment upon entry to the BOP, which indicates to the Court that Abdon does not recognize himself as a threat to other potential victims.

The length of Abdon's sentence is also not an extraordinary and compelling circumstance. The advisory guideline range for Count 1 was life, and the guideline range on Court 2 was 360 months. Judge Reagan departed *downward* and sentenced Abdon to 240 months on each count to run concurrently. Thus, the Court rejects the argument that Abdon's below-guidelines sentence, of which he has served less than half, is unusually long.

Even if Abdon had met his burden of proving extraordinary and compelling circumstances warranting his release, the Court would still deny his motion based on the § 3553(a) factors. Abdon claims he is not a danger to the public or any individual, but the Court disagrees. As the Court discussed in its previous orders denying compassionate release, Abdon met the middle-school-aged victim in this case over SnapChat, he knew she was only 13, and he and flew from Florida to Southern Illinois to have sex with her. He also asked her to send him nude photos and sexually explicit videos, and he sent the same to her. At sentencing, the Government produced evidence that Abdon chatted with more than a dozen other minors on SnapChat — and each time he pretended to be between 19 and 21. Judge Reagan specifically chose to protect the public from further crimes of the defendant, noting that "a significant sentence" would put Abdon at "a point in time when he is older and perhaps less likely to become interested in young girls." (Doc. 158 at p. 89). Releasing Abdon early would put additional children at risk, fail to reflect the seriousness of Abdon's crimes, fail to promote respect for the law, and fail to provide just

punishment for his offenses.

## CONCLUSION

For these reasons, the Motion for Compassionate Release filed by Defendant Emmanuel D. Abdon (Doc. 184) is **DENIED.**

**IT IS SO ORDERED.**

**DATED:   April 20, 2026**

**NANCY J. ROSENSTENGEL**
**United States District Judge**